## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARKQUES THOMAS,
     Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,[1]
    Respondent.

Case No. 1:13-cv-919

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

     Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro

se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is

before the Court on respondent's motion to dismiss (Doc. 7), petitioner's traverse (Doc. 10),

respondent's reply (Doc. 12), and petitioner's objections (Doc. 13).

## I.    PROCEDURAL HISTORY

### State Trial Proceedings

     On October 28, 2008, the Hamilton County, Ohio grand jury returned a five-count

indictment charging petitioner with aggravated murder, two counts of aggravated robbery, and two

counts of having weapons while under disability. (Doc. 7, Ex. 1). On April 8, 2009, following a

jury trial, petitioner was found guilty of aggravated murder and one count each of aggravated

robbery and having a weapon while under disability. (Doc. 7, Ex. 8). Petitioner was found not

guilty on the remaining counts in the indictment. (*See id.*).

     On April 30, 2009, petitioner was sentenced to life without parole in the Ohio Department

---

[1] Petitioner has submitted a notice of change of address, indicating that he is now located at the London Correctional Institution. (Doc. 6). Accordingly, the Warden at the London Correctional Institution is the proper respondent in this action.

of Corrections for the aggravated murder conviction[2]; ten years of imprisonment on the aggravated

robbery conviction; and five years of imprisonment on the having weapons while under disability

conviction. (Doc. 7, Ex. 11). Petitioner's sentences for the aggravated robbery and having

weapons while under disability convictions were ordered to be served consecutively and prior to

the sentence imposed for the aggravated murder conviction. (*Id.*).

### Direct Appeal

On May 28, 2009, petitioner, through new counsel, filed a timely notice of appeal to the

Ohio Court of Appeals. (Doc. 7, Ex. 12). Petitioner raised the following five assignments of

error in his appellate brief:

1. The trial court erred to the prejudice of appellant by permitting the prosecuting attorney to use peremptory challenges to dismiss multiple African-American jurors in such a manner as to deprive appellant of his rights to equal protection and a fair trial.

2. The trial court erred to the prejudice of appellant's Sixth Amendment rights by entering a judgment of conviction after a trial at which appellant received ineffective assistance of counsel.

3. The trial court erred to the prejudice of appellant by not allowing defense counsel to introduce evidence favorable to the appellant.

4. The judgment of the trial court is contrary to the manifest weight of evidence.

5. Appellant's convictions are not supported by sufficient evidence.

(Doc. 7, Ex. 13). On June 9, 2010, the appeals court overruled petitioner's assignments of error

and affirmed the judgment of the trial court. (Doc. 7, Ex. 15).

### State Habeas Corpus

Meanwhile, on May 3, 2010, petitioner filed a pro se state habeas corpus petition in the

---

[2] Petitioner also received three years for a firearm specification associated with the aggravated murder conviction. (*See* Doc. 7, Ex. 1, p.2; Ex. 11, p. 1).

Warren County Court of Common Pleas. (Doc. 7, Ex. 16). On August 13, 2010, the state court dismissed the petition. (Doc. 7, Ex. 19).

Petitioner filed a pro se notice of appeal from the denial of his state habeas corpus petition on September 2, 2010, which was denied by the Ohio Court of Appeals on March 21, 2011. (Doc. 7, Ex. 20, 24).

Petitioner did not seek further review of the decision in the Ohio Supreme Court.

### Delayed Appeal to the Ohio Supreme Court

On December 13, 2012, over two years after the Ohio Court of Appeals affirmed his conviction on direct appeal, petitioner filed a pro se notice of appeal and motion to file a delayed appeal to the Ohio Supreme Court. (Doc. 7, Ex. 25, 26). On February 6, 2013, the Ohio Supreme Court denied petitioner's motion for a delayed appeal and dismissed the case. (Doc. 7, Ex. 28).

### Federal Habeas Corpus

Petitioner, filed the instant habeas petition pro se on December 11, 2013.[3] (Doc. 1). Petitioner raises the following five grounds for relief in the petition:

1. The state used peremptory challenges to strike multiple African-American jurors, when no legitimate race-neutral reason for striking the jurors was set forth by the state.

2. It was an out-of-court identification made by witnesses of the state.

3. The excluding evidence pertinent to the Petitioner's theory of defense.

4. The fact finder lost its way, and created a gross manifest miscarriage of justice.

---

[3] The petition was filed with the Court on December 19, 2013. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on December 11, 2013. (*See* Doc. 1, p. 14). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on December 11, 2013.

5. The state failed to proffer sufficient evidence to support Petitioner's convictions on each and every element of a criminal offense.

(Doc. 1).

Respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 7).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(C) or (D) apply to his claims. Petitioner has not alleged that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during

4

the trial proceedings, precluding any argument that § 2244(d)(1)(D) applies in this matter.

Instead, petitioner contends that the limitations period in this case should be governed by § 2244(d)(1)(B), based on the alleged ineffective assistance of his appellate counsel. (Doc. 10, pp. 2–4). Specifically, petitioner claims that following the Ohio Court of Appeals' June 9, 2010 denial of his direct appeal, that "[c]ounsel erroneously informed him that he had filed a Notice of Appeal and Memorandum in [Support of] Jurisdiction, which was not in fact true." (Doc. 10, p. 3). Petitioner indicates that he wrote counsel numerous times regarding the status of his appeal and was instructed "to wait to have his appeal decided." (*Id.* at 4–5). "After nearly two years of waiting for the court's decision, [petitioner] talked to a legal clerk at the institutional law library who suggested the he should write the Clerk of the Ohio Supreme Court to learn the status of his appeal." (*Id.* at 3). Petitioner subsequently learned that no appeal had been filed by counsel and he pursued his December 13, 2012 delayed appeal to the Ohio Supreme Court. (*Id.*). Petitioner now contends that counsel's ineffective assistance constitutes a state-created impediment to filing a timely habeas petition.

In order to invoke the limitations provision set forth in § 2244(d)(1)(B), petitioner must establish that "(1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation of the Constitution or federal law." *Neff v. Brunsman,* No. 1:06-cv-135, 2007 WL 912122, at *7 (S.D. Ohio March 23, 2007) (Spiegel, J.; Black, M.J.) (quoting *Evans v. Lazaroff,* No. 2:06-cv-188, 2006 WL 3759697, at *5 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (citations omitted). Under this provision, there must be a causal connection between the allegedly unconstitutional state action and being prevented from filing the petition. *Id.* (citing *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001)).

The ineffective assistance of counsel may constitute a state action under § 2244(d)(1)(B).

5

See *Winkfield v. Bagely*, 66 F. App'x 578, 582 (6th Cir. 2003). However, petitioner has failed to establish any unconstitutional state action that prevented him from filing a timely habeas corpus petition in this case. Because petitioner had no Sixth Amendment right to counsel in connection with the discretionary appeal to the Ohio Supreme Court, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."), petitioner has failed to establish that his attorney's alleged ineffectiveness constitutes an unconstitutional state action under § 2244(d)(1)(B). *See, e.g., King. v. Warden*, No. 1:07-cv-428, 2008 WL 2795518, at *4 (S.D. Ohio July 18, 2008) ("Since petitioner's appeal to the Supreme Court of Ohio is not an appeal of right, but rather a discretionary appeal, petitioner has no constitutional right to that appeal, *Finley*, 481 U.S. at 555, and any alleged failure of the Ohio Court of Appeals or his appellate counsel to notify him of any further appeal to the Ohio Supreme Court does not constitute unconstitutional state action under § 2244(d)(1)(B)."); *Santiago v. Hurley*, No. 2:05-cv-560, 2006 WL 3196295, at *4 (S.D. Ohio Nov. 2, 2006) (finding that the failure of appellate counsel to notify the petitioner of the Ohio Supreme Court's decision was did not constitute state action under § 2244(d)(1)(B), because petitioner was not entitled to the assistance of counsel on appeal to the Ohio Supreme Court).

Therefore, in this case, petitioner's grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on July 24, 2010, upon expiration of the 45-day period for filing an appeal as of right from the court of appeals' June 9, 2010 judgment entry. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). The statute commenced

running on July 26, 2010, the next business day after petitioner's conviction became final, *see* Fed.

R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on

July 26, 2011, absent the application of statutory or equitable tolling principles.

      During the one-year limitations period, petitioner was entitled to statutory tolling under §

2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or

other collateral review. *See* 28 U.S.C. § 2244(d)(2). *See also Holland v. Florida,* 560 U.S. 631,

634 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d 598,

602 (6th Cir. 2003). In this case, petitioner filed his state habeas corpus petition on May 3, 2010,

which tolled the limitations period until March 21, 2011, when the Ohio Court of Appeals affirmed

the dismissal of the petition. (*See* Doc. 7, Ex. 16, 24). The statute of limitations began to run the

following day, and expired one year later, on March 22, 2012. Because petitioner did not file his

habeas petition until December 11, 2013, it appears the petition is time-barred unless petitioner is

entitled to equitable tolling.

      The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 560 U.S. at

645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from

circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745,

749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). Equitable

tolling is granted "sparingly." *Id.* (quoting *Robertson,* 624 F.3d at 784). A habeas petitioner is

entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights

diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely

filing." *Id.* (quoting *Holland,* 560 U.S. at 649 (internal quotations omitted)); *see also Pace v.

DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a

five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling,

7

*Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to

apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir.

2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires

both reasonable diligence and an extraordinary circumstance, has become the law of this circuit."

*Id.*; *see also Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

In this case, petitioner has failed to demonstrate that he is entitled to equitable tolling.

Even assuming, without deciding, that petitioner's claims regarding his appellate attorney amount

to an extraordinary circumstance,[4] the record in this case demonstrates that petitioner was not

diligent in pursuing his rights. *See Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012) (noting

that while ineffective assistance of counsel and delay in learning about the status of an appeal may

constitute extraordinary circumstances, "the statute of limitations will only be tolled if the

circumstances were both beyond the control of the litigant and unavoidable with reasonable

diligence.") (internal quotation marks and citations omitted).

First, petitioner failed in his duty to monitor the status of his appeal in waiting over two

years—from June 9, 2010 until November 1, 2012— to inquire about the status of his appeal.   In

his motion to file a delayed appeal to the Ohio Supreme Court, petitioner noted that "on or nearly

exactly November 1, 2012," petitioner "engaged one of the prison's inmate law clerks into a

discussion of his case.   The prison clerk assessed that the reason no decision was forthcoming . . .

was due to the fact that no appellate brief o[r] request for jurisdiction had been filed on

---

[4]   The record in this case does not appear to support petitioner's claim that his appellate counsel affirmatively advised him that he filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court on petitioner's behalf.   (*See* Doc. 10, pp. 3–5).   In his motion for leave to file a delayed appeal, petitioner indicated that "Attorney Goldberg merely mailed me a copy of the decision, but no notice that he would not be proceeding further with the Appeal, or that I must proceed on my own."   (Doc. 10, Ex. 26, Affidavit p. 1).   As respondent argues in the motion to dismiss (Doc. 12, pp. 3-4), although petitioner would have had every incentive to do so, his motion for a delayed appeal fails to mention that his attorney affirmatively promised to represent him on appeal to the Ohio Supreme Court.

[petitioner's] behalf." (Doc. 7, Ex. 26, p. 2). Petitioner indicates that he subsequently wrote the Ohio Supreme Court clerk who confirmed that no appeal had been filed. (Doc. 10, p. 3). Petitioner's failure to seek assistance from the prison law clerk or check the status of his appeal with the Ohio Supreme Court earlier is particularly significant here, where petitioner has indicated that his letters to his appellate counsel checking on the status of his appeal were "were simply ignored" or "to no avail." (Doc. 7, Ex. 26, p. 2; Affidavit, p. 1). In waiting over two years to inquire about his case, petitioner failed in his duty to monitor the status of his appeal and was not sufficiently diligent to warrant equitable tolling of the limitations period in this case.[5] *See Keeling*, 673 F.3d at 463 ("[W]e have declined to allow equitable tolling where a petitioner's attorney misled him into believing that his appeal was still pending before the state court because the petitioner failed to diligently monitor the progress of his appeal.") (citing *Winkfield*, 66 F. App'x at 583–84); *Robinson*, 424 F. App'x at 443 ("While this Court has recognized that attorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status update, . . . this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half.").

Petitioner's subsequent delay in filing his habeas corpus petition in this Court also demonstrates a lack of diligence. Although, petitioner attempts to demonstrate that he was diligent in this action by claiming that he promptly filed a motion for a delayed appeal after contacting the Ohio Supreme Court clerk (*see* Doc. 10, p. 3), the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. *Vroman*, 346 F.3d at 605 (finding that petitioner's

---

5 This finding is not altered by petitioner's claim that he "would look up his own name on the limited subscription Westlaw, now Lexis, computer in the prison law library to see if any ruling had been made in his case," as he argued in his motion to file a delayed appeal to the Ohio Supreme Court. (Doc. 7, Ex. 26, p. 2).

decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").   In this case, petitioner waited over ten months from the Ohio Supreme Court's February 6, 2013 denial of his delayed appeal to file his habeas petition.   *See Colbert v. Tambi,* 513 F.Supp.2d 927, 936 (S.D. Ohio 2007) (finding equitable tolling inappropriate where petitioner failed to explain an eleven month delay following the denial of his delayed appeal).   Petitioner has not argued that he was prevented from filing a habeas petition during this time nor has he informed the Court of any extraordinary circumstance that explains his delay in doing so.[6]   Therefore, petitioner has failed to demonstrate that he was diligent in pursuing his rights and is not entitled to equitable tolling.

Accordingly, in sum, the undersigned concludes that the instant petition—filed 627 days after the expiration of the limitations period— is time-barred.   Therefore, respondent's motion to dismiss (Doc. 7) should be **GRANTED**, and the instant habeas corpus petition (Doc. 1), filed well after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2.   A certificate of appealability should not issue with respect to the statute of limitations issue addressed herein because "jurists of reason would not find it debatable as to whether this

---

[6]  It appears that petitioner mistakenly believed that the statute of limitations expired one year after the Ohio Supreme Court dismissed his appeal on February 6, 2013.   (*See* Doc. 10, p. 3 (noting that petitioner filed his habeas petition within one year of the denial of his motion for a delayed appeal)).   To the extent that petitioner claims he is entitled to equitable tolling on this basis, his claim is without merit.   *See Harvey v. Jones*, 179 F. App'x 294, 300 (6th Cir. 2006) ("even reasonable mistakes of law are not basis for equitable tolling.") (citing *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004)); *see also Hall*, 662 F.3d at 752 (finding the petitioner's pro se status insufficient to warrant the equitable tolling of the statute of limitations).

Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[7]

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/18/14

Karen L. Litkovitz
United States Magistrate Judge

---

[7] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARKQUES THOMAS,                              Case No. 1:13-cv-919
      Petitioner,

                                  Barrett, J.
      vs.                                     Litkovitz, M.J.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the

recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations.    This period may be extended further by the Court on timely

motion for an extension.   Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections.   If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.   A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in

accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Gives Thomas # A605-901
London Corr. Inst.
PO Box 69
1580 State Route 56
London, OH 43140

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☑ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*

7011 3500 0001 5345 5994

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540